FILED & ENTERED

AUG 21 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>                     Debtor.<br><br>—————————————————<br><br>ARTURO GONZALEZ,<br><br>                    Plaintiff,<br><br>    vs.<br><br>DISCOVER BANK, UNIFY FINANCIAL CREDIT UNION, F/K/A AS WESTERN FEDERAL CREDIT UNION, DOES 1-20,<br><br>                Defendants. | Case No.  2:15-bk-25283-RK<br><br>Chapter 7<br><br>Adv. No.  2:18-ap-01371-RK<br><br>**MEMORANDUM DECISION ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS**<br><br>Date:      June 25, 2019<br>Time:      11:00 a.m.<br>Courtroom:  1675 |

Pending before the court are: (1) the motion of Defendant Unify Financial Credit Union to dismiss Plaintiff's first amended complaint (Docket No. 19, filed on February 4, 2019); (2) the motion of Defendant Discover Bank to dismiss Plaintiff's first amended

1  complaint (Docket No. 31, filed on March 18, 2019); and (3) the motion of Defendant

2  Wesley H. Avery to dismiss Plaintiff's second amended complaint (Docket No. 60, filed

3  on May 29, 2019).  The court has conducted several hearings on these motions.  Brett

4  P. Ryan, of Unify Financial Credit Union, has appeared for Defendant Unify Financial

5  Credit Union.  Holly J. Nolan, of the law firm of Solomon, Grindle, Lidstad & Wintringer,

6  has appeared for Defendant Discover Bank.  Brett B. Curlee, of the Law Offices of Brett

7  Curlee, has appeared for Defendant Wesley H. Avery, Chapter 7 Trustee.  Plaintiff

8  Arturo Gonzalez has appeared for himself.

9      The court first recites the procedural history of Plaintiff's complaints and the

10  responses thereto.

11      On November 13, 2018, Plaintiff Arturo Gonzalez commenced this adversary

12  proceeding by filing his complaint asserting claims against Defendants Discover Bank

13  and Unify Financial Credit Union (Docket No. 1, filed on November 13, 2018).  On

14  December 14, 2018, Defendant Unify Financial Credit Union filed and served its motion

15  to dismiss Plaintiff's complaint (Docket Nos. 6 and 7).  On December 18, 2018, Plaintiff

16  filed his motion for leave to amend his complaint (Docket No. 9).  By orders filed and

17  entered on January 18, 2019, the court granted Plaintiff's motion for leave to amend his

18  complaint and denied Defendant Unify Financial Credit Union's motion to dismiss the

19  complaint (Docket Nos. 13 and 14).

20      On January 28, 2019, Plaintiff filed his first amended complaint asserting claims

21  against Defendants Discover Bank and Unify Financial Credit Union (Docket No. 17,

22  filed on January 28, 2019).  The proof of service of the summonses for the first

23  amended complaint indicated service on these defendants on February 5, 2019 (Docket

24  No. 22, filed on February 8, 2019).  On February 4, 2019, Defendant Unify Financial

25  Credit Union filed and served its motion to dismiss Plaintiff's first amended complaint

26  (Docket Nos. 19, 20 and 24, filed on February 4 and 21, 2019).  On February 21, 2019,

27  Plaintiff filed his response in opposition to Defendant Unify Financial Credit Union's

28  motion to dismiss his first amended complaint (Docket No. 23).  On March 18, 2019,

1  Defendant Discover Bank filed and served its motion to dismiss Plaintiff's first amended

2  complaint (Docket Nos. 31 and 32).  On April 10, 2019, Plaintiff filed his response in

3  opposition to Defendant Discover Bank's motion to dismiss his first amended complaint

4  (Docket No. 37).

5  On May 9, 2019, Plaintiff filed a document called amendment to amended

6  complaint naming as Doe [Defendant] 1 Chapter 7 Trustee Wesley H. Avery and

7  second amended complaint, asserting claims against Defendants Discover Bank and

8  Unify Financial Credit Union and an additional defendant, Defendant Wesley H. Avery,

9  Chapter 7 Trustee in this bankruptcy case (Docket No. 45).  The proof of service of this

10  document without any summonses indicates that service on defendants was made on

11  May 8, 2019 (Docket No. 46).  On May 29, 2019, Defendant Wesley H. Avery, Chapter

12  7 Trustee, filed and served his motion to dismiss Plaintiff's second amended complaint

13  (Docket Nos. 60, 61 and 62).

14  Because Plaintiff filed his second amended complaint amending the first

15  amended complaint while the motions of Defendants Discover Bank and Unify Financial

16  Credit Union to dismiss Plaintiff's first amended complaint, the court issued orders

17  requesting briefing regarding the propriety of the filing and service of Plaintiff's second

18  amended complaint and whether leave for Plaintiff to file the second amended

19  complaint should be granted.

20  Having considered the moving and opposing papers and the oral and written

21  arguments of the parties, the court makes the following rulings.

22  Regarding the propriety of the filing and service of Plaintiff's second amended

23  complaint, the applicable rules are Federal Rule of Bankruptcy Procedure 7015 which

24  makes Federal Rule of Civil Procedure 15 applicable to an adversary proceeding such

25  as this one.  Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend

26  its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the

27  pleading is one to which a responsive pleading is required, 21 days after service of a

28  responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

whichever is earlier.  Other amendments of pleadings are governed by Federal Rule of Civil Procedure 15(a)(2), which provides that in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave, but that the court should freely give leave when justice so requires.

In filing his second amended complaint on May 9, 2019, Plaintiff was amending his earlier pleading, his first amended complaint.  Plaintiff's amendment of his first amended complaint by his second amended complaint as a matter of course amendment is not permitted by Federal Rule of Civil Procedure 15(a)(1) because this amendment on May 9, 2019 (Docket Nos. 45 and 46) was not within 21 days of service of the first amended complaint on February 5, 2019 (Docket No. 22), or by February 26, 2019, and not within 21 days of service of the motion of Defendant Unify Financial Credit Union's motion to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6) served on February 4, 2019 (Docket Nos. 19, 20 and 24), or by February 25, 2019, and not within 21 days of service of the motion of Defendant Discover Bank to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) served on March 18, 2019 (Docket Nos. 31 and 32), or by April 8, 2019.  Therefore, as any other amendment, Plaintiff's second amended complaint must comply with Federal Rule of Civil Procedure 15(a)(2).  Plaintiff's second amended complaint does not comply with Federal Rule of Civil Procedure 15(a)(2) because the record before the court indicates none of the opposing parties, Defendants Unify Financial Credit Union and Discover Bank, has given written consent to the amendment of the first amended complaint, and the court has not given leave for Plaintiff to amend his first amended complaint as pointed out by Defendant Discover Bank in its brief filed on June 8, 2019 (Docket No. 67).  Accordingly, Plaintiff's second amended complaint is not an authorized amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(1) or (2).  As discussed herein, the court determines that while Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave when justice so requires, justice does not require that leave be given here.  Therefore, the court on its

1  own motion will strike Plaintiff's second amended complaint for lack of compliance with

2  Federal Rule of Civil Procedure 15(a)(1) or (2) pursuant to its authority to enforce the

3  applicable rules of court under 11 U.S.C. §105(a), Federal Rule of Bankruptcy

4  Procedure 1001 and Local Bankruptcy Rule 1001-1(f).  Because Plaintiff's second

5  amended complaint is stricken, the motion of Defendant Wesley H. Avery, Chapter 7

6  Trustee, to dismiss Plaintiff's second amended complaint is moot and should be denied

7  as moot.  Moreover, because Plaintiff's first pleading adding Defendant Avery as a party

8  defendant in this adversary proceeding was the second amended complaint, which has

9  been stricken, the court determines that Defendant Wesley H. Avery was and is not a

10 proper party defendant in this adversary proceeding, and dismissal of Defendant Avery

11 from the adversary proceeding is unnecessary because he was never properly joined as

12 a defendant in this adversary proceeding.

13        Because the amendment of Plaintiff's first amended complaint by the second

14 amended complaint is not permitted by Federal Rule of Civil Procedure 15(a)(1) or (2),

15 Plaintiff's first amended complaint is Plaintiff's operative pleading, and the court

16 therefore considers on the merits the pending motions of Defendants Unify Financial

17 Credit Union and Discover Bank to dismiss the first amended complaint pursuant to

18 Federal Rules of Civil Procedure 12(b)(6).

19        In the first amended complaint, Plaintiff asserts claims against Defendants Unify

20 Financial Credit Union and Discover Bank that they caused him damages for filing

21 proofs of claim in this bankruptcy case for debts for which the state law statutes of

22 limitations for filing collection lawsuits had expired in violation of California Code of Civil

23 Procedure § 337 and Federal Rule of Bankruptcy Procedure 9011.

24        As to the claims of Plaintiff's first amended complaint under California Code of

25 Civil Procedure §337, Defendant Discover Bank first argues that these claims should be

26 dismissed for lack of subject matter jurisdiction because this court lacks jurisdiction over

27 such claims as noncore state law claims, which would be a motion to dismiss for lack of

28 subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), though

1    Discover Bank only invokes Federal Rule of Civil Procedure 12(b)(6).  Federal Rule of

2    Bankruptcy Procedure 7012 makes Federal Rule of Civil Procedure 12(b) applicable in

3    adversary proceedings such as this one.  As an alternative argument, Defendant

4    Discover Bank, along with Defendant Unify Financial Credit Union, argues that these

5    claims should be dismissed for failure to state claims upon which relief can be granted

6    pursuant to Federal Rule of Civil Procedure 12(b)(6).

7        As to Discover Bank's jurisdictional argument, the court agrees in part and

8    disagrees in part.  The court agrees with Discover Bank that Plaintiff's claims under

9    California Code of Civil Procedure §337 are noncore in nature because they involve

10   rights existing outside of bankruptcy.  Although the court raised the jurisdictional issue in

11   its order continuing hearing filed and entered on March 8, 2019 (Docket No. 28), the

12   court has reconsidered the issue and respectfully disagrees with Discover Bank

13   regarding jurisdiction.  The court determines that it has jurisdiction to hear these

14   noncore state law claims pursuant to 28 U.S.C. §1334(b) because the claims are

15   "otherwise related to" this bankruptcy case because the claims emanate from acts taken

16   by Defendants in this bankruptcy case, specifically, their filing of proofs of claim in this

17   bankruptcy case in this court.  Therefore, the court determines that it has subject matter

18   jurisdiction to hear Plaintiff's claims under California Code of Civil Procedure §337 and

19   denies the motion of Discover Bank to dismiss for lack of jurisdiction.

20       Addressing Defendant's arguments that Plaintiff's claims under California Code

21   of Civil Procedure §337 fail to state claims upon which relief can be granted, the court

22   notes that as set forth in the first amended complaint, the basis for Plaintiff's claims

23   under California Code of Civil Procedure §337 is that Defendants filed proofs of claim in

24   this bankruptcy case for contractual debts (i.e., unpaid debts for loans made by

25   Defendants to Plaintiff) for which the four year statute of limitations under California

26   Code of Civil Procedure §337 to file a legal action to collect such contractual debts or

27   otherwise enforce contractual obligations had expired.  Plaintiff alleges in these claims

28   that he was damaged by the filing of Defendants' proofs of claim in the bankruptcy case

1  in violation of the four-year statute of limitations under California Code of Civil

2  Procedure §337.  The court agrees with Defendants that Plaintiff's claims under

3  California Code of Civil Procedure §337 fail to state claims upon which relief can be

4  granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants' attempts to

5  collect Plaintiff's contractual debts to them by filing of the bankruptcy proofs of claim

6  took place outside the four year statute of limitations under California Code of Civil

7  Procedure §337 for them to file a legal action against Plaintiff to enforce those

8  contractual debts, but at the time they took action to collect the debts by filing the proofs

9  of claim in December 2015 and January 2016, the version of California Code of Civil

10  Procedure §337 then in effect simply provided for a four year statute of limitations for

11  filing a legal action to collect a contractual debt or otherwise enforce contractual rights.

12  Thus, the general rule in California regarding statutes of limitations applied to

13  Defendants' actions in filing the proofs of claim challenged by Plaintiff, that is, a statute

14  of limitations is procedural, and it affects the remedy only, and not the substantive right

15  or obligation.  3 Witkin, *California Procedure,* Actions, §432 (5th ed., online edition,

16  March 2019 update), *citing inter alia, Mitchell v. Automobile Owners Indemnity*

17  *Underwriters,* 19 Cal.2d 1, 4 (1941).  Moreover, in California, a statute of limitations is

18  an affirmative defense that must be raised or it is waived.  *Id.; see also, Mysel v. Gross,*

19  70 Cal.App.3d Supp. 10, 15, 138 Cal.Rptr. 873, 876 (1977).  Therefore, under then

20  existing California law, a statute of limitations as being procedural in nature, affecting

21  only the remedy, does not change the underlying substantive contractual rights or

22  obligations of the parties, or here, the rights of Defendants to collect the unpaid loan

23  debts owed by Plaintiff, and his substantive obligation to pay the debts.  Defendants

24  could have filed legal actions to collect the debts after the four year statute of limitations

25  had run, but then, Plaintiff could have raised the affirmative defense of the four year

26  statute of limitations under California Code of Civil Procedure §337 (or have waived it).

27  If the statute of limitations was properly raised as an affirmative defense, then such

28  legal actions would be barred, but if the statute of limitations was waived or not properly

1  raised, then the legal actions would not have been barred, and Defendants could

2  proceed with their legal actions to collect the debts from Plaintiff because the

3  substantive rights and obligations under the contracts would not have been affected by

4  the statute of limitations.

5       The court notes that California Code of Civil Procedure §337 was recently

6  amended by Stats. 2018, Ch. 247, Sec. 2 (Assembly Bill (AB) 1526), which added

7  subsection (d), providing that "[w]hen the period in which an action must be commenced

8  under this section has run, a person shall not bring suit or initiate an arbitration or other

9  legal proceeding to collect the debt. . . ."  *See also,* Plaintiff's First Amended Complaint

10 (Docket No. 17), ¶¶4 and 42.  Thus, the California Legislature enacted an express

11 prohibition against a creditor bringing suit or initiating an arbitration or other legal

12 proceeding to collect a debt once the four year statute of limitations under California

13 Code of Civil Procedure §337 has run.  However, this statutory amendment does not

14 apply here because it became effective on January 1, 2019 and there is no statutory

15 language to indicate that it would have retroactive effect to apply to the actions at issue

16 in this case, that is, Defendants' filing of bankruptcy proofs of claim in December 2015

17 and January 2016.  *See also,* Plaintiff's First Amended Complaint (Docket No. 17), ¶ 42

18 (acknowledging that the legislative changes from AB 1526 only applied to creditors

19 starting in 2019).   As shown on the claims register in this bankruptcy case, Defendants'

20 proofs of claim filed in December 2015 (Claims Nos. 1 and 2 filed by Discover Bank on

21 December 29, 2015) and January 2016 (Claim No. 4 filed by Western Federal Credit

22 Union, now Unify Financial Credit Union, on January, filed on January 4, 2016) had

23 been withdrawn in February 2017 (Claims Nos. 1 and 2 withdrawn by Discover Bank by

24 notices filed on February 7, 2017, Docket Nos. 176 and 177 in the main bankruptcy

25 case, and Claim No. 4 withdrawn by Unify Financial Credit Union by notice filed on

26 February 22, 2017, Docket No. 179 in the main bankruptcy case), which was well before

27 the effective date of AB 1526 on January 1, 2019.  Accordingly, based on the foregoing

28 analysis, the court grants Defendants' motions to dismiss the remaining claims of the

1  first amended complaint under California Code of Civil Procedure §337 for failure to

2  state claims upon which relief can be granted.

3        As to the remaining claims under Federal Rule of Bankruptcy Procedure 9011,

4  Defendants argue that Plaintiff fails to state claims upon which relief can be granted

5  under the rule because he fails to allege that he satisfied the prefiling requirements of

6  giving them 21 days notice of the Rule 9011 claims and an opportunity to withdraw the

7  offending proofs of claim as required by Federal Rule of Bankruptcy Procedure

8  9011(c)(1)(A).  Rule 9011(c)(1)(A) provides: "A motion for sanctions under this rule shall

9  be made separate from other motions or requests and shall describe the specific

10  conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 7004.

11  The motion for sanctions may not be filed or presented to the court unless, within 21

12  days after service of the motion (or other such period as the court may prescribe), the

13  challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or

14  appropriately corrected . . . ."  A party who seeks sanctions under Federal Rule of

15  Bankruptcy Procedure must follow a two-step process: first, the party must serve the

16  Rule 9011 motion on the opposing party, and then, second, at least 21 days later, file

17  the motion with the court.  *In re Walker,* 532 F.3d 1304, 1308 (11th Cir. 2008).  This

18  process provides a "safe harbor" in which the offending party can avoid Rule 9011

19  sanctions by withdrawing or correcting the challenged document or position after

20  receiving notice of the alleged violation.  *Id.*  Failure to comply with this required two-

21  step process under Rule 9011 a party from seeking sanctions or other relief under this

22  rule.  *In re Walker,* 532 F.3d at 1308; *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90,

23  99 (3rd Cir. 2008); 10 Levin and Sommer, *Collier on Bankruptcy,* ¶9011.05[1][b] at 9011-

24  14 (16th ed. 2019).  Because Plaintiff fails to allege or otherwise show in his first

25  amended complaint that he has satisfied this pre-filing requirement of Rule 9011, he is

26  precluded from seeking Rule 9011 relief.  As the court discussed in its order continuing

27  hearing on March 8, 2019 (Docket No. 28), the court agrees with Defendants that

28  Plaintiff fails to state claims upon which relief can be granted under Rule 9011 because

1  he has not satisfied the requirements to assert such claims since he did not give them

2  the required 21 days notice of his Rule 9011 claims based on their filing of the allegedly

3  offending proofs of claim and opportunities to withdraw them within 21 days of notice.

4  However, Defendants had already withdrawn their proofs of claim in February 2017

5  before Plaintiff filed or otherwise gave them notice of his Rule 9011 claims when he filed

6  his original complaint first asserting his Rule 9011 claims in November 2018.

7  Accordingly, the court grants the motions of Defendants Unify Financial Credit Union

8  and Discover Bank to dismiss Plaintiff's first amended complaint as to the Rule 9011

9  claims for failure to state claims upon which relief can be granted pursuant to Federal

10  Rule of Civil Procedure 12(b)(6).

11      Dismissals of claims under Federal Rule of Civil Procedure 12(b)(6) are

12  adjudications on the merits of claims, and thus, generally with prejudice, though a

13  plaintiff should be allowed to amend at least once unless there is a repeated failure to

14  cure deficiencies by amendments previously allowed or futility of amendment.  *See*

15  Federal Rule of Civil Procedure 41(b); *Foman v. Davis,* 371 U.S. 178, 182 (1962).

16  Here, the granting of the motions to dismiss should be with prejudice and without leave

17  to amend because Plaintiff has already been given at least one opportunity to amend

18  his complaint when the court granted his motion for leave to amend his original

19  complaint and file his first amended complaint and because it would be futile for further

20  amendment since the claims of the original complaint and the first amended complaint

21  were both under California Code of Civil Procedure §337 and Federal Rule of

22  Bankruptcy Procedure 9011, which Plaintiff has failed to allege claims upon which relief

23  can be granted, and there is no showing that Plaintiff can allege such claims against

24  these defendants upon which relief can be granted.  Plaintiff's Rule 9011 claims are

25  futile because Defendants Unify Financial Credit Union and Discover Bank had

26  withdrawn their proofs of claim, the allegedly offending documents, even before Plaintiff

27  filed and served his Rule 9011 claims, and since these allegedly offending documents

28  have now been withdrawn, Plaintiff cannot now bring any Rule 9011 claims against

these defendants based on those documents.  Plaintiff's claims under California Code

of Civil Procedure §337 are futile because the statute in effect when Defendants Unify

Financial Credit Union and Discover Bank had filed their proofs of claim and before they

withdrew these claims did not affect their substantive contractual rights since it only

provided for a deadline for them to file a lawsuit to collect the debts owed by Plaintiff,

which gave rise to an affirmative defense for him to assert, and did not prohibit them

from filing an out of time lawsuit.

        For the foregoing reasons, the court strikes Plaintiff's second amended complaint

and grants the motions of Defendants Unify Financial Credit Union and Discover Bank

to dismiss Plaintiff's first amended complaint for failure to state claims upon which relief

can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice and

without leave to amend.  Because the granting of Defendants' motions to dismiss

disposes of all of Plaintiff's claims in his operative pleading, the first amended

complaint, the court dismisses the adversary proceeding with prejudice.   While the

caption of the first amended complaint lists Doe defendants 1-20, the first amended

complaint does not contain any claims against defendants other than Discover Bank

and Unify Financial Credit Union (the court notes that the first Doe Defendant named

was Wesley H. Avery, Chapter 7 Trustee, identified in the later, now stricken, second

amended complaint as "Doe 1," implicitly recognizing that there were no prior Doe

Defendants in his prior pleadings, such as the first amended complaint), and therefore,

dismissal of the claims against these defendants is a dismissal of all claims in the first

        ///

        ///

1  amended complaint, and a dismissal of the adversary proceeding is appropriate.  A

2  separate final order is being filed and entered concurrently herewith.

3      IT IS SO ORDERED.

4                                     ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25      Date: August 21, 2019        _____

26                                   Robert Kwan
                                     United States Bankruptcy Judge
27

28